UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

CLIFFORD BILLINS,

                Defendant.
_____

REPORT & RECOMMENDATION

19-CR-6054G

On July 17, 2019, this Court issued a Report and Recommendation regarding defendant Clifford Billins's ("Billins") motion to suppress statements and tangible evidence seized pursuant to a search warrant and to suppress evidence obtained pursuant to court-authorized wiretaps.  (Docket # 197).  As to Billins's motion to suppress wiretap evidence, the Court found that he "ha[d] not adequately established that he ha[d] standing to challenge the wiretaps at issue" and permitted Billins to file a "supplemental affidavit to make such a showing by no later than July 31, 2019."  (*Id.* at 2; *see also id.* at 21 ("[t]o be sure that Billins has had a fair opportunity to [establish standing to challenge the lawfulness of the wiretaps at issue], he may file a supplemental affidavit of himself or someone with personal knowledge averring that his voice was intercepted through the wiretap warrants at issue")).  The Court advised Billins that "[i]n the event that no such affidavit is submitted by July 31, 2019, this Court will recommend denial of [his] motion to suppress wiretap evidence on the grounds that he has not established standing to challenge the wiretap warrants."  (*Id.* at 22).  Billins has not filed any supplemental affidavit.

Accordingly, for the reasons stated more fully in this Court's Report and Recommendation dated July 17, 2019 (*see* Docket # 197 at 18-22), I recommend that the District Court deny Billins's motion to suppress wiretap evidence (Docket # 172) for failure to establish standing.

       *s/Marian W. Payson*
       MARIAN W. PAYSON
       United States Magistrate Judge

Dated: Rochester, New York
       August 1, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                        *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
        August 1, 2019

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).